

U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

August 21, 2006

Frederick J. Brynn, Esq.
922 Pennsylvania Avenue, SE
Washington, D.C. 20003

**FILED**

**AUG 2 2 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:  Natwan Logan

Dear Counsel:  06cr241

    This letter sets forth the full and complete plea offer to your client, Mr. Natwan Logan. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

    1. **Charges:** Mr. Logan agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code, Section 1349, conspiracy to commit bank fraud. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Logan and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Logan agrees that the attached "Statement of Offense" fairly and accurately describes Mr. Logan's actions and involvement in the conspiracy. It is anticipated that during the Rule 11 plea hearing, Mr. Logan will adopt and sign the Statement of the Offense as a written proffer of evidence.

    2. **Potential penalties, assessments, and restitution**: Mr. Logan understands that the maximum sentence that can be imposed is thirty years imprisonment, a fine of $1,000,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a five-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Logan understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2005) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Mr. Logan understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. It is understood that the Sentencing guidelines are not binding on the Court. Mr. Logan further understands that if the Court imposes a sentence which is in any way unsatisfactory to him, he

cannot move to withdraw his guilty plea. This does not, however, limit Mr. Logan's right to appeal an unlawful sentence.

    3. **Federal Sentencing Guidelines:** The parties agree to the following interpretation and application of the Sentencing Guidelines:

*§2X1.1*
    (a) Base Offense Level (§2B1.1(a))    7
    (B) Specific Offense Characteristics
    (2X1.1(b)(2) and application note 4; 2B1.1(b)(1)(G))
    (acts completed for loss of more than $200,000)    12
§ 3E1.1
    Acceptance of Responsibility (subject to ¶ 8)    (-3)

TOTAL    16

    Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

    4. **Financial Arrangements:** Mr. Logan agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013; he also agrees to pay restitution. Mr. Logan also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

    5. **Testimony and Waiver of Rights:** Mr. Logan agrees that after entry of his guilty plea but before sentencing in this case, he will provide to the grand jury under oath full, complete, and truthful testimony concerning his involvement in the conspiracy to which he is pleading guilty. Mr. Logan agrees to knowingly and voluntarily waive his Fifth Amendment rights against self incrimination for his testimony before the grand jury. In addition, Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Mr. Logan expressly warrants that he has discussed these rules with his counsel and understands them. Mr. Logan voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410. Mr. Logan understands and agrees that any statements that he makes in the course of his guilty plea or in connection with this plea agreement are admissible against him for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

    6. **Reservation of Allocution:** The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to

Mr. Logan's criminal activities. In addition, Mr. Logan acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. **Presentence Report**: The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

8. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose Mr.Logan's release pending sentencing, agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and agrees not to oppose Mr. Logan's voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Logan continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement, including the requirement to testify before the grand jury fully, completely, and truthfully concerning his role in this conspiracy; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Logan in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the conspiracy outlined in the attached Statement of Offense or for any other criminal activity in which Mr. Logan was engaged during the time of the charged conspiracy about which the government is aware at the time of this agreement. This agreement does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Logan. The government remains free to charge Mr. Logan with perjury, making false statements, obstruction of justice, or any other related offenses should Mr. Logan fail to provide full, complete, and truthful testimony to the grand jury as required by this plea agreement.

9. **Court is not bound:** Mr. Logan understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

10. **Breach of Agreement:** Mr. Logan agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court or the grand jury, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr.

Logan's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Logan will not have the right to withdraw the guilty plea; (c) Mr. Logan shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Logan, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

11. **USAO's Criminal Division Bound:** Mr. Logan understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Logan.

12. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Logan, Mr. Logan's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Logan may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Logan and his counsel.

                          Sincerely yours,

                          KENNETH L. WAINSTEIN
                          UNITED STATES ATTORNEY

By:                        
                        G. BRADLEY WEINSHEIMER
                        Assistant United States Attorney
                        Bar No. 431796
                        555 4TH Street, N.W.
                        Washington, D.C. 20530
                        (202) 514-6991

## DEFENDANT'S AGREEMENT

I have read this plea agreement and have discussed it with my attorney, Frederick Brynn, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 8-22-06

_____
NATWAN LOGAN
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 8-22-06

_____
FREDERICK J. BRYNN, Esquire
Attorney for the Defendant