UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Docket No. 06-241-01 |
| v. ) | |
| ) | |
| NATWAN LOGAN ) | |
| _____ ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW, the defendant Natwan Logan by and through Frederick J. Brynn, his counsel in this matter and submits his sentencing memorandum with attachments for this Court's consideration at sentencing in this matter and states as follows:

### CASE BACKGROUND

Mr. Logan pled guilty to one count of Conspiracy to Engage in Bank Fraud in violation f 18 U.S.C. Section 1349. This charge represents Mr. Logan's first and only conviction of any kind.

The defendant and the government are in complete agreement as to all aspects of the offense, including the dollar amounts involved ($331,985.00), the applicable guideline range (21 to 27 years), as well as the appropriate restitution that Mr. Logan should be ordered to pay back ($1500.00).

Mr. Logan is asking the Court to consider a sentence less than the sentencing guidelines in light of the following information.

### FACTUAL BACKGROUND

As the pre-sentence report accurately states, Mr. Logan was employed as a police officer with the Metropolitan Police Department from April 2000 until March 2006 when he resigned from the department. Mr. Logan is well educated, has always maintained

employment and has taken on various voluntary positions for the benefit of his community. These actions took place long before any of his actions in the instant matter. As a police officer, Mr. Logan took pride in his job and was commended by the Metropolitan Police Department for his work.

It is important to Mr. Logan that this Court understand that at no time did he use his position as a police officer to further the criminal conspiracy. Mr. Logan engaged in the criminal conduct only as an individual who found himself in serous financial trouble brought about solely because of his gambling addiction. Mr. Logan kept his gambling addiction to himself and did not alert family or friends that he was having a problem. Mr. Logan was spending his paychecks at the racetrack and would not tell his wife what he was doing. His gambling dated back a few years and got to the point that he owed thousands to various persons and most importantly to his mortgage company. His family was forced into bankruptcy on May 11, 2004 which was coincidently right at the time that his involvement in the conspiracy began in May 2004.

On May 11, 2004, Mr. Logan filed for Chapter 13 protection in the United States Bankruptcy Court for the District of Maryland. His filing required he and his wife to make payments to their creditors pursuant to an agreed plan. While the filing of the petition stopped his creditors collection efforts for a brief moment, his financial problems persisted because he could not afford to make the court ordered payments. Mr. Logan and his wife struggled to complete the payments as agreed. Despite all the setbacks and the problems in maintaining their payments, Mr. Logan and his wife completed the bankruptcy plan and were discharged from bankruptcy early this year.

Mr. Logan accepted responsibility immediately upon his arrest by the FBI in Las Vegas on March 2, 2005.  From that point on he accepted responsibility and undertook to correct things.   He knew what he had done was morally wrong and illegal.   He had justified his criminal actions because he felt it was the only way out of his debt.   He did not want any harm to his family, lose his house, belongings and suffer the very real consequences of not paying his gambling debts.   He realized after the fact, that he had family and friends that were willing to help if he had asked.   They have written letters on his behalf that are attached to this memorandum.   They consistently speak highly of him.

Mr. Logan takes exception to the government's claim that his attempts to blame a gambling addiction and his subsequent counseling as being too little too late.   Mr. Logan entered into and will continue to attend counseling for the benefit of himself and his family.   His gambling problem did not just start last year but developed over the years. His most destructive times lasted for a few years during which he created the most havoc to his family financially and emotionally.   When he was gambling he would be out of communication with his wife for periods of time.   She became distrustful and concerned. He is now trying to rebuild that trust with her through counseling.   His relationship to his wife and children is paramount to him and as such, he takes his counseling serious and will continue to do so.

Mr. Logan is asking this Court to consider a sentence below the guidelines that will allow him to continue with his education, employment and counseling.   In light of the discretionary nature of the sentencing guidelines post Booker, the Court may consider Mr. Logan's gambling addiction for purposes of sentencing.   The code's previous preclusion does not apply.

Mr. Logan would ask that this Court refer to the D.C. Superior Court guidelines for review in terms of determining the appropriate sentence.   Under the D.C. Superior Court guidelines for Forgery or Uttering or Fraud, the only comparable charges at the local level, Mr. Logan would face a jail term of 1 to 12 months in jail with three years of supervised release.   Those guidelines would place him in a Category A because of his lack of a criminal history and in Group 9 based on the nature of the charge.   Mr. Logan provides this information for comparison.

WHEREFORE, in light of the foregoing Mr. Logan requests that this Court sentence him to a period of incarceration below the federal guidelines but consistent with the D.C. Superior Court guidelines.

Dated: November 10, 2006

_____
Frederick J. Brynn (433863)
922 Pennsylvania Avenue, SE
Washington, D.C. 20003
(202) 544-7200
Attorney for Defendant